EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
MICHAEL J. QUINN, State Bar No. 209542
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5726
  Fax: (415) 703-5843
  Email: Michael.Quinn@doj.ca.gov

Attorneys for Defendants Horel, Tucker and Johnson

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIK RAY SELF,<br><br>                          Plaintiff,<br><br>v.<br><br>ROBERT HOREL, Warden, R.L. JOHNSTON, Captain, R. TUCKER, Correctional Officer,<br><br>                         Defendants. | C 07-5347 MMC<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

      TO PLAINTIFF ERIK RAY SELF, IN PRO SE:

      **PLEASE TAKE NOTICE** that Defendants Horel, Tucker, and Johnson (Defendants) move this Court for an order staying all discovery until this Court has ruled on Defendants' Motion for Summary Judgment. The grounds for this motion are: (1) Plaintiff's discovery requests have no bearing on the issues to be decided in the Motion for Summary Judgment, and (2) it would be unduly burdensome for Defendants to respond to the discovery before this Court rules on the qualified immunity issue that Defendants have raised in the Motion for Summary Judgment.

      This motion is based on this notice of motion, the supporting memorandum of points and

Defs.' Not. Mot. & Mot. Stay Disc.                                                   E. R. Self v. R. Horel, et al.
                                                                                                  C 07-5347 MMC

1

1  authorities, the attached declaration, and the Court's file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

Plaintiff is a *pro se* state prisoner who is proceeding *in forma pauperis*. On July __, 2008, Defendants filed a motion for summary judgment which argued that because "The Practical Guide to Drawing" contained sexually explicit images, including photographs of fully nude male and female models, the decision by Pelican Bay officials to deny Plaintiff access to the book did not violate Plaintiff's First Amendment rights. Defendants also argued that they are entitled to qualified immunity. Plaintiff's Opposition to Defendants' Motion for Summary Judgment is due on August 27, 2008. (Order of Service.) If Defendants wish to file a reply in support of the motion for summary judgment, they must do so by September 11, 2008. (*Id.*)

On July 1, 2008, Defendants' counsel received the first set of Plaintiff's request for production of documents, request for admissions, and interrogatories. (Decl. of Quinn ¶¶ 2-6.) The discovery requests do not bear on the issue raised in Defendants' Motion for Summary Judgment, namely, whether section 3006(c)(17) of Title 15 of the California Code of Regulations prohibits Plaintiff from having access to "The Practical Guide to Drawing." (*Id.* ¶ 7.)

### ARGUMENT

**A. Discovery Should be Stayed Because the Discovery Requests Have No Bearing on the Issues to be Decided in the Motion for Summary Judgment.**

Courts may issue protective orders to stay discovery for "good cause." Fed. R. Civ. P. 26(c). Good cause exists when the "burden or expense of the proposed discovery outweighs its likely benefit taking into account the needs of the case . . . and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

Here, the motion for summary judgment contends that there is no triable issue because "The Practical Guide to Drawing" is contraband that contains sexually explicit images that fall within the purview of section 3006(c)(17) of Title 15 of the California Code of Regulations, a provision that was upheld as constitutional in *Nelson v. Woodford*, No. C-04-3684 CRB (PR), 2006 U.S. Dist. Lexis 11120 (N.D. Cal. Mar. 2, 2006), *aff'd* 249 Fed. Appx. 529 (9th Cir. 2007). This

Defs.' Not. Mot. & Mot. Stay Disc.                                                                                  E. R. Self v. R. Horel, et al.
                                                                                                                            C 07-5347 MMC

2

Case 3:07-cv-05347-MMC   Document 18   Filed 07/25/2008   Page 3 of 5

Court should grant a stay because Defendants have moved for summary judgment on grounds that are completely unrelated to the discovery requests. Those requests contain, among other things, inquiries regarding "all artbooks found in the library at [Pelican Bay]" and "documents explaining the official duties of Defendants." (Decl. of Quinn, Ex. A.) A stay will allow Defendants to avoid the undue burden of responding to Plaintiff's numerous discovery requests while the dispositive motion is pending.

**B. Discovery Should also be Stayed Pending a Ruling on the Threshold Question of Qualified Immunity.**

The Motion for Summary Judgment also contends that Defendants are entitled to qualified immunity. The Supreme Court has made it clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *see also Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (denial of discovery is appropriate on qualified immunity issue where action alleged by plaintiff are such that a reasonable officer could have believed they were lawful); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("until th[e] threshold immunity question is resolved, discovery should not be allowed"). In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).

Staying discovery in this case would be consistent with Supreme Court precedent, since it would allow for the issue of qualified immunity to be disposed of before Defendants are required to respond to the current discovery or any additional discovery. Plaintiff will not be prejudiced by a stay because it is not necessary for Plaintiff to conduct discovery on the qualified immunity issue or any of the other arguments raised in Defendants' Motion for Summary Judgment. Moreover, a discovery stay will not interfere with the decision on Defendants' Motion for Summary Judgment.

///

Defs.' Not. Mot. & Mot. Stay Disc.                                              E. R. Self v. R. Horel, et al.
                                                                                                C 07-5347 MMC

3

## CONCLUSION

Defendants filed a Motion for Summary Judgment on the grounds that there is no triable issue regarding whether "The Practical Guide to Drawing" is contraband that falls within the purview of section 3006(c)(17) of Title 15 of the California Code of Regulations. A stay of discovery, including all discovery motions, would be appropriate because it would prevent Defendants from having to undertake the unduly burdensome task of responding to any additional discovery requests in a suit that lacks merit.

The Motion for Summary Judgment also asserts that Defendants are entitled to qualified immunity. A stay of discovery should be issued because the U.S. Supreme Court has recognized that a district court should resolve the threshold qualified immunity question before permitting discovery to proceed.

Alternatively, if the Court denies this motion, Defendants respectfully request that the Court grant them 30 days from the date of the Court's order to respond to the discovery requests.

Dated: July 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

_/s/ Michael J. Quinn_
MICHAEL J. QUINN
Deputy Attorney General
Attorneys for Defendants Horel, Tucker and Johnson

20124845.wpd
SF2007403391

Defs.' Not. Mot. & Mot. Stay Disc.

E. R. Self v. R. Horel, et al.
C 07-5347 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **E. R. Self v. R. Horel, et al.**

No.:  **C 07-5347 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 25, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF MICHAEL J. QUINN IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

**PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Erik Ray Self, J-87779**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA 95532**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 25, 2008**, at San Francisco, California.

|  |  |
|---|---|
| M.M. Argarin | *M.M. Argarin* |
| Declarant | Signature |

20127892.wpd