ERIK SELF
CDCR NO. J87779
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA 95532

    PRO-SE

FILED
06 AUG 13 PM 3: 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ERIK RAY SELF (J87779)

    PLAINTIFF

   VS.

ROBERT HOREL, WARDEN,
R.L. JOHNSON, CAPTAIN,
R. TUCKER, CORR. OFFICER,

    DEFENDANTS

CASE NO. C-07-5347 MMC

PLAINTIFF'S MOTION FOR
OPPOSITION FOR SUMMARY
JUDGEMENT; MEMORANDUM
OF POINTS AND AUTHORITIES

ERIK SELF (J87779)
   VS.
ROBERT HOREL ET AL

PLAINTIFF'S OPP. TO SUMM. J.

CASE # C-07-5347 MMC

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 02 |
| INTRODUCTION | 02 |
| STATEMENT OF THE ISSUE | 02 |
| ARGUMENT | 02 |
| A. LEGAL STANDARD FOR SUMMARY JUDGE-MENT | 02 |
| B. DEFENDANT'S RELIAL ON NELSON V. WOODFORD | 03 |
| C. MAURO V. ARPAIO | 03 |
| D. RATIONAL CONNECTION | 04 |
| E. ALTERNATIVE ALTERNATIVES (AVENUES) | 05 |
| F. INPACT ON OTHERS | 05 |
| G. EXAGGERATED RESPONSE | 06 |
| H. SECTION 3006 WAS MISAPPLIED | 07 |
| I. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY | 09 |
| J. ROBERT HOREL IS SUBJECT TO THIS SUIT | 10 |
| CONCLUSION | 10 |

ERIK SELF (J87779)
VS.

PLAINTIFF'S OPP. TO SUMM. J, MEM

i

# TABLE OF AUTHORITIES

## CASES                                        PAGE(S)

AMATEL V. RENO,
156 F.3d. 192 AT 209 (1998)                        4


In re: TYSON,
DNSC # HCPB-5223                                    6


MAURO V. ARPAIO,
188 F.3d 1054 (9TH CIR. 1999)                      3,4

NELSON V. WOODFORD,
NO. C-04-3684 CRB (PR), 2006 U.S.
DIST. LEXIS 11120 N.D. CAL. MAR. 2, 2006,
aff'd 249 FED. APPX. 529 (9TH CIR. 2007)        3,4,6,9


PRISON LEGAL NEWS V. SCHWARZENEGGER,
(N.D. Cal. Aug. 22, 2007) NO. C 07-02058,
STIPULATION AND ATTACHED SETTLEMENT AGREEMENT      5


THORNBURGH V. ABBOTT,
490 U.S. 401 (1989)                               2,7

TURNER V. SAFLEY
482 U.S. 78 (1987)                                 2

WOLF V. ASHCROFT,
297 F.3d AT 309                                    2

# TABLE OF AUTHORITIES

## CONSTITUTIONAL PROVISIONS                    PAGE

    U.S. CONSTITUTION; FIRST AMENDMENT          2,10

## STATUTES

    CALIFORNIA CODE OF REGULATIONS,
    TITLE 15
      § 3000.5 (c)                              8
      § 3006 (c) (17)                       5, 7, 9, 10
      § 3006 (c) (17) (B) (2)          2, 3, 7, 8, 9, 10
      § 3007                                   3
      § 3323 (d) (7)                           3
      § 3323 (f) (5)                           3
      § 3323 (g) (8)                           3
      § 3341.5 (c) (9)(k)                      3

## COURT RULES

    FEDERAL RULES OF CIVIL PROCEDURE
        RULE 56                              3

ERIK SELF (J87779)                    PLAINTIFF'S OPP. TO SUMM.J.; MEM
    VS.
ROBERT HOREL ET AL          iii       CASE #

1  ERIK SELF
   CDCR No. J87779
2  PBSP-SHU #C7-104
   P.O. BOX 7500
3  CRESCENT CITY, CA. 95532
4      PRO SE
5
6
7
8              UNITED STATES DISTRICT COURT
9       FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                SAN FRANCISCO DIVISION
11
12  ERIK RAY SELF (J87779),      CASE NO. C-07-5347 MMC
13        \        PLAINTIFF.
14     VS.                       PLAINTIFF'S MOTION OF OPPOSITION
15  ROBERT HOREL, WARDEN,            FOR SUMMARY JUDGEMENT;
    R.L. JOHNSON, CAPTAIN,       MEMORANDUM OF POINTS AND
16  R. TUCKER, CORR. OFFICER,          AUTHORITIES.
17        DEFENDANTS
18
19     TO DEFENDANTS:
20   PLEASE TAKE NOTICE THAT DEFENDANTS HOREL, JOHNSON, AND TUCKER
21  ARE NOT ENTITLED TO QUALIFIED IMMUNITY, NOR SHOULD
22  SUMMARY JUDGEMENT BE GRANTED FOR THERE DOES EXIST
23  GENUINE ISSUE AS TO MATERIAL FACT, AND IF THE COURTS
24  DEEM OTHERWISE, THEN PLAINTIFF SHOULD STILL BE ENTITLED
25  TO WIN.
26   THIS MOTION IS BASED ON THIS MOTION, THE MEMORANDUM OF
27  POINTS AND AUTHORITIES, THE SUPPORTING DECLARATION AND EXHIBITS,
28  THIS COURT'S FILE, AND ANY MATTERS PROPERLY BEFORE THIS COURT.

ERIK SELF (J87779)          (1)        PLAINTIFF'S OPP. TO SUMM. J.; MEM P.A
     VS.
ROBERT HOREL, ET.

1  MEMORANDUM OF POINTS AND AUTHORITIES

2  INTRODUCTION

3  IN THIS CASE PLAINTIFF CONTINUES TO CONTEND THAT HIS

4  FIRST AMENDMENT RIGHTS HAVE BEEN VIOLATED BY DENYING

5  HIM HIS ARTBOOK, "THE PRACTICAL GUIDE TO DRAWING."

6  THE CALIFORNIA CODE OF REGULATIONS (CCR) TITLE 15 § 3006

7  (C)(17)(B) MANDATES THAT EDUCATIONAL MATERIAL DEPICTING

8  FRONTAL NUDITY BE ALLOWED ON A CASE-BY-CASE BASIS.

9  REGULATIONS PROHIBITING OR OTHERWISE AFFECTING PRISONERS'

10  ACCESS TO PUBLICATIONS ARE VALID ONLY IF THEY'RE REASONABLY

11  RELATED TO LEGITIMATE PENOLOGICAL INTERESTS, THORNBURGH

12  V. ABBOTT, 490 U.S. 401, 413; 104 L.ED. 2d 459, 109 S.CT.

13  1874 (1989) [CITING TURNER V. SAFLEY, 482 U.S. 78; 107 S.CT

14  2254; 96 L.Ed. 2d. 64].

15  WHILE THE COURTS CAN BOLSTER ITS FINDINGS OF A CONNECTION

16  BY REFERENCE TO DECISIONS OF OTHER COURTS ON THE SAME

17  ISSUE, IT MUST ENGAGE IN AT LEAST SOME INDEPENDENT

18  ANALYSIS OF WHETHER THE CONNECTION IS RATIONAL PER

19  WOLF V. ASHCROFT, 297 F.3d. AT 309.

20  STATEMENT OF THE ISSUE

21  DID THE DECISION BY PELICAN BAY OFFICIALS TO DENY

22  PLAINTIFF ACCESS TO EDUCATIONAL MATERIAL, WHICH

23  DEPICTED FRONTAL NUDITY VIOLATE PLAINTIFF'S FIRST

24  AMENDMENT RIGHTS, WHILE PELICAN BAY CONTINUED TO

25  AIR EDUCATIONAL VIDEOS TO THE WHOLE PRISON POPULATION

26  THAT LIKEWISE DEPICTED FRONTAL NUDITY?

27  ARGUMENT

28  A. THE LEGAL STANDARD FOR SUMMARY JUDGEMENT

ERIK SELF (J87779)                    (2)        PLAINTIFF'S OPP. TO SUMM. J; Men
       VS.
ROBERT HOREL ET AL

1  CANNOT BE GRANTED, NOR QUALIFIED IMMUNITY FOUND, IF

2  MATERIAL FACTS ARE IN DISPUTE, UNDER FEDERAL RULES OF

3  CIVIL PROCEEDURE 56.

4     B. DEFENDANTS RELYIED ON <u>NELSON V. WOODFORD</u>, NO.

5  C-04-3684 CRB (PR) 2006 U.S. DIST. LEXIS 11120, *9 (N.D. Cal

6  MAR. 2, 2006), aff'd. 249 FED. APPX 529 (9TH CIR. 2007), WHICH

7  ARGUED THE GENERAL APPLICATION OF CCR, TITLE 15 § 3006,

8  YET DID NOT BREECH THE SUBJECT OF CCR, TITLE 15 § 3006

9  (c)(17)(B) AND IT'S APPLICATION. FUTHERMORE, PLAINTIFF IN

10  <u>NELSON V. WOODFORD</u>, DID NOT BREECH PBSP's AIRING OF

11  VIDEOS THAT DEPICT FRONTAL NUDITY ON A REGULAR BASIS,

12  AND BY SUCH, THE RATIONAL CONNECTION BETWEEN THE BAN

13  AND PBSP's PENOLOGICAL INTERESTS.

14.    C. <u>MAURO VS. ARPAIO</u>, 188 F.3d 1054. 1059 (9TH CIR 1999)

15  SHOULD ALSO BE SLIGHTLY OVERLOOKED IN DETERMINING THE

16  ISSUES IN THIS CASE. IN <u>MAURO V. ARPAIO</u>, THE BAN WAS

17  INITIATED TO PROHIBIT PLAYBOY, PORNOGRAPHY. ALSO, THE

18  RULING ORIGINATED FROM THE ENVIORNMENT OF A COUNTY

19  JAIL, NOT A PRISON, WHERE, "THE AVERAGE INMATE STAY

20  IS SLIGHTLY LESS THAN FOURTEEN DAYS," WHEREAS PRISONER'S

21  AVERAGE STAY IS YEARS. DISCIPLINE MEASURES FOR THOSE

22  WHOSE STAY IS ONLY TWO WEEKS CAN BE DIFFICULT, NOT

23  SO FOR THE PRISONER WHO CAN FACE CORRECTIVE DISC-

24  IPLINE IN 'THE LOSS OF CANTEEN, TELEVISION/RADIO, PACKAGES,

25  PERSONAL PROPERTY, LOSS OF CREDITS, AND PLACEMENT

26  IN ADMINISTRATIVE SEGREGATION OR THE SECURITY HOUSING

27  UNIT (AD-SEG /SHU), PER CCR, TITLE 15 §§ 3007, 3323 (d)(7),

28  3323 (f)(5), 3323(g)(8), AND 3341.5 (c)(9)(k), THUS ALLIEVIATING

ERIK SELF (J87779)      (3)     PLAINTIFF'S OPP. TO SUMM. J;
VS.                                MEM.
ROBERT HOREL ET AL

1  THE PROBLEM, AN OPTION THAT WAS UNAVAILABLE IN *MAURO*
2  *V. ARPAIO*; ALSO, WHICH WAS USED IN DECIDING *NELSON V.*
3  *WOODFORD.* (THE RULING OF *MAURO V. ARPAIO*, THAT IS.)

4  **D.  RATIONAL CONNECTION**

5  IN CONSIDERING WHETHER THERE IS A RATIONAL CONNECTION
6  BETWEEN A CHALLENGED POLICY AND A LEGITIMATE GOVERN-
7  MENTAL INTEREST, A *COURT MUST DETERMINE WHETHER THE*
8  *GOVERNMENTAL OBJECTIVE UNDERLYING POLICY IS (1) LEGITIMATE*
9  *(2) NEUTRAL, AND (3) WHETHER THE POLICY IS " RATIONALLY*
10  *RELATED TO THAT OBJECTIVE."* SEE: *MAURO V. ARPAIO*, 188 F.3d
11  1054, 1059 (9TH CIR. 1999).

12  WHEREAS PORNOGRAPHY MAY CONTRIBUTE TO A HOSTILE
13  WORK ENVIORNMENT FOR FEMALE CORRECTIONAL OFFICERS,
14  " GOVERNMENT HAS PROVIDED NO EVIDENCE THAT NON-
15  PORNOGRAPHIC NUDITY HAS ANY *EFFECT ON LONG-TERM*
16  *REHABILITATIVE INTERESTS."* WALD. J., DISSENTING, *AMATEL*
17  *V. RENO*, 156 F.3d 192 AT 209. THERE EXISTS A RATIONAL
18  CONNECTION BETWEEN PORNOGRAPHY AND HARASSMENT, NOT
19  SO WITH EDUCATIONAL / ARTISTIC NUDITY. IT SHOULD
20  ALSO BE NOTED THAT IT IS *THE PLAINTIFF'S  POSITION THAT*
21  *IT IS THE MENTALLITY OF THE INDIVIDUAL WHICH DETERMINES*
22  *IF THAT PERSON IS WILLING TO ACT IN A VULGAR MANNER,*
23  *NOT THE MATERIAL AT HAND. IF THAT PERSON DECIDES*
24  *THAT HE WANTS TO SEXUALLY MISBEHAVE, WHETHER HE HAS*
25  *A PROP OR NOT. HE'S GOING TO.*

26  FURTHERMORE, THE PROHIBITION OF THE *ARTBOOK* IS NOT
27  NEUTRAL. PBSP PLACED A BAN ON PUBLICATIONS OF
28  UN-EDUCATIONAL VALUE THAT DEPICT FRONTAL NUDITY

ERIK SELF (J87779)            (4)        *PLAINTIFF'S OPP. TO SUMM. J;*
VS.                                                   *MEM.*
ROBERT HOREL, ET AL

1   UNDER TITLE 15 § 3006 (c) (17), AS WELL AS EDUCATIONAL
2   MATERIAL WHICH IS SUPPOSED TO BE ALLOWED UNDER TITLE 15
3   § 3006 (c)(17)(B)(2).
4     E.   ALTERNATIVE AVENUES
5   OFFICIALS AT PELICAN BAY HAVE THE MEANS TO REMOVE
6   THE PAGES DEPICTING FRONTAL NUDITY AND TO ALLOW
7   THE REMAINING PORTION INTO THE PRISON. PBSP OFFICIALS
8   ALREADY OFFER THIS OPTION FOR HARD-COVER BOOKS
9   THAT RESULTED FROM A SETTLEMENT AGREEMENT STEMMING
10  FROM PRISON LEGAL NEWS V. SCHWARZENEGGER, (N.D. Cal.
11  AUG. 22, 2007) NO. C 07-02058, STIPULATION AND ATTACHED
12  SETTLEMENT AGREEMENT.
13    BY REMOVING THE PAGES THAT DEPICT FRONTAL NUDITY,
14  AT THE PRISONER'S REQUEST, FROM PUBLICATIONS WHERE THE
15  NUDITY IS "INCIDENTAL" ALLOWS PRISONERS TO RETAIN THEIR
16  FIRST AMENDMENT RIGHT TO MATERIAL WITH INCIDENTAL
17  NUDITY AND ALLOWS PRISON OFFICIALS THEIR SENSE OF
18  DOING THE WORLD JUSTICE.
19    F.   INPACT ON OTHERS
20  BY ALLOWING PLAINTIFF TO HAVE "THE PRACTICAL GUIDE
21  TO DRAWING" WILL HAVE NO INPACT ON OTHERS. PLAINTIFF
22  HAS BEEN INCARCERATED THIRTEEN YEARS AND NEARING
23  FIVE MONTHS WITHOUT A SINGLE INCIDENT RESULTING
24  FROM FRONTAL NUDITY. TO SAY THAT IT WOULD HAPPEN,
25  OR LIKELY HAPPEN NOW, IS A DISTORTED VIEW.
26  I AM CONFINED TO THE SECURITY HOUSING UNIT (SHU),
27  WHICH IS A SUPER-MAXIMUM LOCKDOWN FACILITY WITHIN
28  THE INSTITUTION. I AM NOT ALLOWED TO HAVE A CELLIE

1   DUE TO BEING INVESTIGATED FOR MY ALLEGED ASSOCIATION
2   WITH A PRISON GANG. (ATT. HERE TO AS EXHIBIT "A", CDCR 128G,
3   GENERAL CLASSIFICATION CHRONO). I AM CONFINED TO
4   MY CELL FOR 22½ HOURS, WHEREAS I'M ALLOWED 1½
5   HOURS, ALONE, ON A CONCRETE YARD FOR EXERCISE. THE
6   CHANCE OF PHYSICAL VIOLENCE RESULTING FROM PLAINTIFF
7   HAVING IN HIS POSSESSION EDUCATIONAL MATERIAL DEPICTING
8   FRONTAL NUDITY IS NON-EXISTENT.

9      PBSP BELIEVES THAT CERTAIN FOREIGN LANGUAGES ARE AN
10  EXTREME SECURITY THREAT TO THIS PRISON. (NELSON V.
11  WOODFORD AND In re: TIMMY RAY TYSON, "D32683,
12  DEL NORTE COUNTY SUPERIOR COURT. CASE NO. HCPB02-5223),
13  YET, PBSP ALLOWS PLAINTIFF TO POSSESS RUNIC BOOKS
14  (ATT. HERETO AS EXHIBIT "B" CDCR 128B, INFORMATIONAL CHRONO)
15  FURTHER DEMONSTRATING THAT NO SECURITY THREAT
16  EXISTS WHEN PLAINTIFF IS ALLOWED TO POSSESS ITEMS WHEN
17  WHO ARE LIKELY TO USE THEM IN A NEGATIVE FASHION ARE
18  NOT. THE THREAT OF HAVING RUNIC BOOKS FAR EXCEEDS
19  THE THREAT POSED BY MATERIAL DEPICTING FRONTAL NUDITY,
20  PETITIONER IS NOT ALLOWED THE LATTER, PER PRISON
21  OFFICIALS, YET IS ALLOWED THE FORMER. BY PLAINTIFF
22  BEING ALLOWED TO POSSESS EDUCATIONAL MATERIAL DEPICT-
23  ING FRONTAL NUDITY HAS NO IMPACT ON OTHERS.
24     G. EXAGGERATED RESPONSE.
25  PBSP'S RESPONSE IS IRRATIONAL, ERGO EXAGGERATED.
26  WHEN PBSP PROHIBITS EDUCATIONAL ARTBOOKS BECAUSE
27  THE FRONTAL NUDITY WITHIN ITS PAGES POSED A SECURITY
28  THREAT AND THEN AIRS VIDEOS ON INSTITUTIONAL

1  CHANNELS THAT EVERY INMATE WITHIN THE PRISON CAN VIEW,
2  WITHOUT BEING ENROLLED IN A PROGRAM, AND WHICH
3  DEPICTS FRONTAL NUDITY, DEMONSTRATES THAT PBSP's
4  CONCERNS ARE, INDEED, EXAGERATED.  IN THORNBURGH
5  V. ABBOTT, WE FIND THAT PRISON REGULATIONS LIMITING
6  INMATES ACCESS TO PUBLICATIONS MUST BE REASONABLY
7  RELATED TO LEGITIMATE PENOLOGICAL INTERESTS. IF
8  PROHIBITING FRONTAL NUDITY TO CURB SEXUAL MISCONDUCT
9  WERE IN FACT A LEGITIMATE PENOLOGICAL INTEREST AT
10  PBSP, THEN PBSP WOULD NOT FREELY AIR SUCH VIDEOS
11  DEPICTING FRONTAL NUDITY FOR ALL PRISONERS TO SEE.
12  (ATT. HERETO AS EXHIBIT "C", DECLARATION OF J. RUIZ)
13  (ALSO SEE: COMPL. EXHIBIT "2" AND "3"). THE MOST RECENT
14  VIDEOS DEPICTING FRONTAL NUDITY BEING:
15    JULY 10TH; LOUVE 200, PART I , CHANNEL (CH.) #15;
16    JULY 15TH; AVON: BREAST CANCER AWARENESS CH.# 5;
17    JULY 17TH; LOUVE 200, PART II , CHANNEL #15;
18    JULY 24TH; LOUVE 200 PART III, CH.#15, AND AGAIN
19    JULY 30TH; AVON: BREAST CANCER AWARENESS, CH.#5,
20  AS OF JULY 30TH, 2008. CHANNEL 15 SCHEDULE
21  CAN BE FOUND AS EXHIBIT "3" OF ORIGINAL COMPLAINT.
22    H.  SECTION 3006 WAS MISAPPLIED:
23  IN GENERAL, TITLE 15 § 3006 (c) (17), PROHIBITS FRONTAL
24  NUDITY. THIS KEEPS OUT MATERIAL SUCH AS PORNOGRAPHY,
25  AS WELL, AS OTHER NON-EDUCATIONAL MATERIAL WHICH
26  SO HAPPENS MAY DEPICT FRONTAL NUDITY. THE ABOVE
27  SECTION GOES ON TO TITLE 15 § 3006 (c)(17)(B)(2) THAT
28  STIPULATES THAT EDUCATIONAL, SCIENTIFIC AND/OR

1  EDUCATIONAL MATERIAL DEPICTING FRONTAL NUDITY
2  "SHALL" BE ALLOWED ON A CASE-BY-CASE BASIS. SHALL
3  IS DEFINED AS BEING "MANDATORY", TITLE 15 § 3000.5(C).
4      UNDER SECTION 3006(C)(17)(B)(2), PLAINTIFF SHOULD
5  OF BEEN ALLOWED TO OBTAIN THE ARTBOOK THAT WAS
6  PROHIBITED TO HIM. FROM THE PHRASING "SHALL" INSTEAD
7  OF "MAY" (PERMISSIVE), TELLS US THAT PRISON OFFICIALS
8  NEED TO SUPPLY WHY PRISONERS SHOULD NOT BE
9  ALLOWED AN ITEM IN QUESTION, AS APPOSED TO MAY
10  WHICH WOULD PROVIDE THAT PRISONERS SUPPLY THE
11  WHY THEY SHOULD BE ALLOWED TO RECEIVE THE ITEM
12  IN QUESTION.
13      DURING THE "CASE-BY-CASE" EVALUATION, DEFENDANT
14  HOREL AND JOHNSON, BOTH DID NOT BELIEVE THE BOOK
15  SATISFIED THE STANDARD OF CONTAINING ARTISTIC VALUE
16  BECAUSE THE NUDE MODELS "WERE OF PHOTOGRAPHS
17  AND NOT ARTISTIC RENDERINGS" (COMPL. EXHIBIT 1;
18  FIRST AND SECOND LEVEL REVIEW RESPONSES), STILL
19  NEGLECTING THE EDUCATIONAL VALUE FACTER. DEFENDANTS
20  ALL NEGLECTED SECTION 3006(C)(17)(B)(2), PRETENDING
21  IT DID NOT EXIST IN FAVOR OF 3006(C)(17), THE
22  GENERAL APPLICATION INSTEAD OF THE EDUCATIONAL
23  APPLICATION THAT SHOULD OF BEEN APPLIED APPROPRIATELY.
24  PLAINTIFF HAS NO HISTORY OF IMPROPER SEXUAL-BEHAVIOR,
25  THE BOOK IN QUESTION DID NOT LACK ARTISTIC VALUE
26  JUST BECAUSE THE BOOK CONTAINED "PHOTOGRAPHS" IN
27  LIEU OF "ARTISTIC RENDERINGS" AND IF IT DID, IT STILL
28  WOULD NOT LACK EDUCATIONAL VALUE, CONSIDERING

1  THAT THE BOOK, AS A WHOLE, TAUGHT ONE TO DRAW
2  BETTER. THOUGH "THE PRACTICAL GUIDE TO DRAWING" MAY
3  CONTAIN SEVEN PHOTOGRAPHS (OF 320 PAGES) THAT IS MORE
4  SEXUALLY EXPLICIT THAN THE SEPTEMBER AND OCTOBER 2003
5  ISSUES OF ESQUIRE MAGAZINE THAT WERE AT QUESTION
6  IN NELSON V. WOODFORD, THERE IS NO STANDARD OF
7  DEGREE IN THE CALIFORNIA CODE OF REGULATIONS, TITLE 15.
8  IT IS EITHER ALLOWED OR IT ISN'T. THE ESQUIRE MAG-
9  AZINES ARE OF ENTERTAINMENT VALUE, "THE PRACTICAL
10  GUIDE TO DRAWING" IS OF ARTISTIC AND EDUCATIONAL
11  VALUE. THE FORMER FALLS UNDER SECTION 3006 (C)(17), THE
12  LATTER UNDER SECTION 3006 (C)(17)(B)(2). NO COMPARISON.

13  I.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED
14              IMMUNITY.

15  QUALIFIED IMMUNITY PROTECTS GOVERNMENT OFFICERS
16  FROM LIABILITY UNLESS THE LAW IS CLEARLY ESTABLISHED
17  AND THE PARTY ASSERTING QUALIFIED IMMUNITY OBJECTIVELY
18  COULD NOT HAVE BELIEVED THAT THEIR CONDUCT WAS LAWFUL.
19  CCR, TITLE 15 § 3006 (C)(17)(B)(2) IS CLEARLY ESTABLISHED,
20  AND AS SUCH, PLAINTIFF WAS ENTITLED TO HIS ARTBOOK.
21  NO PERSON OBJECTIVELY APPLYING THE ABOVE SECTION
22  COULD HAVE BELIEVED THAT A REVEIW OF SAID ARTBOOK
23  LACKED ARTISTIC AND/OR EDUCATIONAL VALUE BECAUSE
24  IT CONTAINED PHOTOGRAPHS INSTEAD OF "ARTISTIC
25  RENDERINGS." FURTHERMORE, PLAINTIFF CONTINUALLY
26  POINTED OUT DEFENDANTS OVER-LOOKING AND MIS-
27  APPLICATION OF THE APPROPIATE TITLE 15 SECTION
28  THOUGHOUT PLAINTIFF'S APPEAL (COMPL. EXHIBIT 1), WHICH

1  WAS BLATENTLY DISREGARDED. DEFENDANTS DEPRIVED
2  PLAINTIFF OF AN EDUCATIONAL BOOK FAVORING THE
3  WRONG TITLE 15 SECTION BECAUSE IT, UNDER THAT SECTION,
4  IT WOULD ALLOW THEM TO VIOLATE PLAINTIFF'S CONSTIT-
5  UTIONALLY PROTECTED RIGHTS. THOUGH, OTHER COURTS
6  HAVE UPHELD SUCH BANS, THE TITLE 15 GAVE CLEAR
7  INSTRUCTIONS PERTAINING TO EDUCATIONAL AND ARTISTIC
8  MATERIAL. DEFENDANTS ACTED CARELESSLY AND ARE
9  NOT SUBJECT TO QUALIFIED IMMUNITY.
10    J.  ROBERT HOREL IS SUBJECT TO THIS SUIT.
11  DEFENDANT HOREL REVIEWED PLAINTIFF'S APPEAL AT
12  SECOND LEVEL, DATED, JUNE 14, 2007 (COMPL. EXHIBIT 1),
13  AND HIS FINDINGS ALSO DEPRIVED PLAINTIFF OF
14  HIS ARTBOOK, VERIFIED BY ROBERT A. HOREL'S OWN
15  SIGNATURE. DEFENDANT HOREL KNEW OF THE ISSUES
16  AS THEY WERE INCLUDED IN PLAINTIFF'S APPEAL.
17           CONCLUSION
18  DEFENDANTS ACTED CARELESSLY IN DEPRIVING PLAINTIFF
19  AN EDUCATIONAL ARTBOOK THAT IS ALLOWED UNDER SECTION
20  3006 (C)(17)(B)(2) OF THE TITLE 15. ALL THE WHILE AIRING
21  VIDEOS TO ALL THE PRISONERS, SOME OF WHICH DEPICTING
22  FRONTAL NUDITY IN CONTRADICTION TO THEIR CLAIM
23  THAT SUCH MATERIAL IS DEEMED A SECURITY THREAT.
24  THERE ARE TRIABLE ISSUES REGARDING THE APPLICATION
25  OF TITLE 15 § 3006 (C)(17) AND TITLE 15 §3006 (C)(17)(B)(2)
26  AS WELL AS PBSP'S VALID CONCERN OVER FRONTAL NUDITY,
27  AND BECAUSE THERE EXISTS TRIABLE ISSUES, SUMMARY
28  JUDGEMENT SHOULD NOT BE GRANTED TO DEFENDANTS,

1  AND IF THE COURTS DEEM IT SO, JUDGEMENT SHOULD
2  STILL BE IN FAVOR OF PLAINTIFF.
3
4   I SWEAR THAT THE FOREGOING IS TRUE AND CORRECT
5  TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT
6  THIS MOTION OF OPPOSITION TO BEFENDANTS MOVE
7  FOR SUMMARY JUDGEMENT WAS EXECUTED ON
8  Aug. 10      ,2008  AT CRESCENT CITY, CALIFORNIA.
9

10
11                          ERIK R. SELF,
12                              PLAINTIFF IN PRO SE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ERIK SELF (J87779)              (11)        PLAINTIFF'S OPP. TO SUMM. J;
    VS.                                                    MEM
ROBERT HOREL ET AL.

EXHIBIT        "A"

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128G (Rev. 07/05)

| No: | J-87779 | Name: | SELF, ERIK | | Housing: | C7-104 |
|-----|---------|-------|-----------|--|----------|--------|
| Custody: | MAX-S | CS: | 148-IV | WG/PG: D1/D EFF 01/17/07 | Assignment: | AD-SEG |
| Rel Date: | EPRD 12/08/2008 | | Reclass: 09/2008 | | Action: | **RETAIN AD-SEG STATUS PENDING IGI INVESTIGATION; REFER TO CSR FOR 180 DAY ASU EXTENTION** |

Inmate Self appeared before PBSP AD-SEG ICC on this date for AD-SEG Review. No Staff Assistant was assigned as S is not illiterate, speaks English, can comprehend the issues, and is free of mental health services needs. An investigative employee was not required. Committee notes RGPL of 11.1. Committee notes that S was placed on AD-SEG status per ICC action of 11/14/07, pending the outcome of an ongoing investigation, by PBSP Institutional Gangs Investigations (IGI), relative to S's current gang status. Documentation of the ongoing investigation includes CDCR 128B dated 10/23/07, authored by Correctional Lieutenant R. Rice PBSP-IGI, indicating that there is sufficient documentation contained in S's C-file to support that S is an associate of the Aryan Brotherhood; and CDCR 128B dated 03/11/08, authored by CCII Pena PBSP-IGI, indicating that PBSP-IGI is in the process of preparing a Validation packet for submission to Office of Correctional Safety (OCS). Due to this information, **Committee acts to retain S on AD-SEG status pending the completion of the ongoing investigation and Validation process; and refer to CSR for 180 day AD-SEG extension.** Committee notes CDCR 128C Madrid Exclusionary Level of Care Chrono dated 01/27/07, denoting no level of care. S does not meet PBSP-SHU exclusionary criteria. LCSW E. Douglass was present during this Committee action. When S was questioned regarding his current mental health status, he advised Committee he did not have Psych concerns at this time. DDP Review: 128C-2 is in C-file. S has no cellmate and committee notes the "S" custody suffix has previously been applied. S participated in Committee, acknowledged understanding, and disagreed with Committee action stating "I disagree with being retained on AD-SEG status; when they had sufficient time to complete their investigation". S was advised of Committee's decision and his right to appeal, and that any appeal of this Committee action must be submitted within 15 working days of this date, whether he has received the CDCR Form 128G Classification chrono or not. Next scheduled Committee will be in 09/2008 for AD-SEG Review.

CHAIRPERSON: M.A. COOK/CDW (A)    U. SILVA/FC    E. DOUGLASS/LCSW    K. GETZ/CCI    RECORDER: R. COX/CCII

CC: ☐OBIS  ☒CSR  ☐IGI  ☐PSYCH  ☐MED  ☐OTHER

Committee Date: 03/19/2008    GETZ/amanda    Classification    **FACILITY C ICC REVIEW**    Inst: **PBSP**

EXHIBIT "B"

DEPARTMENT OF CORRECTIONS
CDC 128B (Rev. 12/91)

NO:    J-87779                    NAME:  SELF, Erik                                        HOUSING: C7-104

As a result of recent litigation (DNSC case no. HCPB05-5620) initiated by inmate Erik Self, J-87779, an agreement was reached between Self's counsel, CDCR's counsel and Gang Specialist D. Hawkes that would allow Self to possess selected books necessary for him to practice his Odinist beliefs

The allowed books are:

*The Little Giant Encyclopedia of Runes*
*The Secret of the Runes*
*Northern Mysteries and Magick*
*Nine Worlds of Seidh Magic*

Given the religious nature of these books, it has been determined that Self's possession of these books would not pose an unreasonable threat to institutional safety providing Self does not give these books to other inmates or attempt to communicate using Runes or other osscure symbols.

Any attempt by Self to use the books for purposes other than religious worship may result in disciplinary action being taken and the possibility that Self would no longer be allowed to possess the books.

W. Barlow, CCII
Litigation Coordinator
PBSP

Date:    05 November 2007                    INFORMATIONAL CHRONO                              Inst: PBSP

EXHIBIT                    " C "

1  ERIK RAY SELF
   CDCR NO. J87779
2  PELICAN BAY STATE PRISON
   P.O. BOX 7500
3  CRESCENT CITY, CA 95532

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISO DIVISION

11  ERIK RAY SELF (J87779),        CASE NO. C 07-5347 MMC

12           PLAINTIFF         (PROPOSED) ORDER DENYING
                               DEFENDANTS MOTION FOR
13      VS.                    SUMMARY JUDGEMENT

14  ROBERT HOREL, WARDEN,
    R.L. JOHNSON, CAPTAIN,
15  R. TUCKER, CORR. OFFICER,

16           DEFENDANTS

17   THE ABOVE CAPTIONED CASE INVOLVES PLAINTIFF'S CLAIMS THAT

18  DEFENDANTS VIOLATED HIS FIRST AMENDMENTS RIGHTS BY DENYING

19  HIM ACCESS TO AN ARTBOOK ENTITLED "THE PRACTICAL GUIDE TO

20  DRAWING, BECAUSE IT DEPICTED FRONTAL NUDITY. DEFENDANTS

21  MOVED THIS COURT FOR SUMMARY JUDGEMENT UNDER RULE

22  56(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

23   THIS COURT, HAVING CONSIDERED DEFENDANTS MOTION, THE

24  OPPOSING AND REPLY PAPERS, THE COURT'S FILES, AND FOR

25  GOOD CAUSE APPEARING, HEREBY ORDERS THAT DEFENDANTS

26  MOTION FOR SUMMARY JUDGEMENT IS  DENIED.

27

28  _____          _____
     DATED              THE HONORABLE MAXINE CHESNEY
                        U.S. DISTRICT COURT JUDGE

    ERIK SELF (J87779)              (PROPOSED) ORDER
      VS.
    ROBERT HOREL, ET AL              CASE # C-07-5347 MMC

## PROOF OF SERVICE BY MAIL

I AM OVER THE AGE OF 18, AND NOT A PARTY TO THIS ACTION. I RESIDE IN THE COUNTY OF DEL NORTE AT PELICAN BAY STATE PRISON. MY ADDRESS IS:

ERIK SELF #J87779
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA. 95532

ON THE DATE NEXT TO MY SIGNATURE I SERVED:

* (PROPOSED) ORDER DENYING DEFENDANT'S
   MOTION FOR SUMMARY JUDGEMENT

BY DESPOSITING IT IN A SEALED ENVELOPE, POSTAGE PAID, IN THE UNITED STATES MAIL, VIA PRISON OFFICIALS, ADDRESSED AS FOLLOWS:

CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
BOX 36060
SAN FRANCISCO, CA 94102

MICHAEL J. QUINN
DEPUTY ATTORNEY GENERAL
455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

EXECUTED AT CRESCENT CITY, CALIFORNIA UNDER PENALTY OF PERJURY ON THE DATE SHOWN.

Aug. 10, 2008
DATE

ERIK R. SELF,
PLAINTIFF

ERIK SELF (J87779)
VS.

PROOF OF SERVICE

# ITEMS ENCLOSED

SELF V. HOREL, ET AL.    CASE # C 07-5347 MMC

* PLAINTIFF'S MOTION OF OPPOSITION FOR
  SUMMARY JUDGEMENT; MEMORANDUM OF
  POINTS AND AUTHORITIES; EXHIBITS "A", "B", & "C".

* OPPOSITION TO DEFENDANTS' NOTICE OF EXPARTE
  MOTION AND EX PARTE MOTION FOR ORDER TO FILE
  UNDER SEAL CONFIDENTIAL DOCUMENTS IN
  SUPPORT OF DEFENDANTS MOTION FOR SUMMARY
  JUDGEMENT.

* [PROPOSED] ORDER DENYING DEFENDANTS' MOTION
  FOR SUMMARY JUDGEMENT

* MOTION FOR SETTLEMENT CONFERENCE BY
  TELEPHONE; LOCAL RULE 16-15 (b)(5)

COPIES OF ALL THE ABOVE FOR "CHAMBERS"

THANK YOU.

P. pool

**PELICAN BAY STATE PRISON**
**SECURITY HOUSING UNIT**
**UNIT C-7**

LEGAL MAIL

PELICAN BAY STATE PRISON
5905 Lake Earl Dr
Crescent City CA 95532

UNITED STATES POSTAGE

02 1M
0004217666
MAILED FROM

ERIK SELF J87779
PBSP-SHU # C7-104
P.O. BOX 7500
CRESCENT CITY, CA.
95532

CLERK OF THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
BOX 36060
SAN FRANCISCO, CA. 94102

RECEIVED
AUG 1 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CONFIDENTIAL
LEGAL MAIL