IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK RAY SELF, | ) No. C 07-5347 MMC (PR) |
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND COMPEL DISCOVERY; GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY; GRANTING IN PART DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL; DENYING PLAINTIFF'S REQUEST FOR COURT-ORDERED SETTLEMENT CONFERENCE; SCHEDULING FURTHER PROCEEDINGS** |
| v. | ) |
| ROBERT HOREL, Warden, R.L. JOHNSTON, Captain, R. TUCKER, Correctional Officer, | ) |
| Defendants. | ) |
| _____ | ) |

**(Docket Nos. 7, 9, 15, 18 & 24)**

On October 19, 2007, plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On April 29, 2008, the Court, upon finding plaintiff's allegations stated a cognizable claim for the violation of his First Amendment rights, ordered the complaint served and directed defendants to file a dispositive motion or, alternatively, indicate they were of the opinion that plaintiff's claims could not be resolved by such a motion.

On July 21, 2008, plaintiff filed motions for appointment of counsel and to compel discovery. Thereafter, on July 25, 2008, defendants filed motions for summary judgment, to stay discovery, and to file documents under seal. On August 13, 2008, plaintiff filed opposition to defendants' motions for summary judgment and to file documents under seal; he also filed a request for court-ordered settlement negotiations. The Court now addresses

the parties' pending non-dispositive motions.

## BACKGROUND

In his complaint, plaintiff alleges that prison officials at PBSP are denying him access to an educational art book titled "The Practical Guide to Drawing," because the book contains photographs showing frontal nudity. Plaintiff claims such denial violates his rights under the First Amendment because prison officials allow prisoners access to other materials showing frontal nudity, and because plaintiff has no history of sexual misconduct and is using the book solely for educational purposes. Plaintiff seeks injunctive relief and monetary damages.

In its order of service, the Court found plaintiff's allegations, when liberally construed, state a cognizable claim for relief. See Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (holding prison regulations limiting inmates' access to publications or other information must be reasonably related to legitimate penological interests).

## DISCUSSION

A.   Plaintiff's Motion to Compel Discovery

On June 3, 2008, prior to the filing of defendants' motion for summary judgment, plaintiff served discovery requests on defendants. When, by July 17, 2008, defendants had not responded to plaintiff's discovery requests, plaintiff filed the instant motion to compel. Plaintiff may file a motion to compel discovery, however, only after he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A) (providing motion to compel must include certification that movant has in good faith conferred or attempted to confer with non-disclosing party in effort to secure disclosure without court action); Civil L. R. 37-1 (same). As plaintiff has not filed the requisite certification showing he has met and conferred with defendants about their non-disclosure, the motion to compel will be denied without prejudice as premature.[1]

B.   Defendants' Motion to Stay Discovery

---

[1] In view of plaintiff's incarceration, the parties may satisfy the meet-and-confer requirements by letter or telephone conversation.

As noted, on July 25, 2008, defendants filed a motion for summary judgment. In such motion, defendants argue that the decision by PBSP officials to deny plaintiff access to "The Practical Guide to Drawing" did not violate plaintiff's First Amendment rights, and that they are entitled to qualified immunity.

Together with their motion for summary judgment, defendants have filed a motion to stay discovery until the Court has ruled on the motion for summary judgment. Specifically, defendants request that discovery be stayed because plaintiff is seeking discovery that is unrelated to the grounds on which defendants have moved for summary judgment, and because defendants have moved for qualified immunity. Plaintiff has not opposed defendants' motion to stay discovery.

As a general rule, a district court should stay discovery until the issue of qualified immunity is resolved. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, defendants' motion to stay discovery until the Court has ruled on the issue of qualified immunity, as raised in defendants' motion for summary judgment, will be granted.

C.  Defendants' Motion to File Documents Under Seal

Defendants move the Court to review *in camera* and file under seal "Confidential Exhibit A," submitted in support of defendants' motion for summary judgment. Defendants contend such exhibit, consisting of seven pages of "The Practical Guide to Drawing," which pages contain frontal nudity, including depictions of male and female genitalia, is sexually explicit contraband that violates California Code of Regulations ("CCR"), title 15, section 3006(c)(17). Under the referenced code section, inmates are not allowed to possess "[s]exually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format." CCR § 3006(c)(17). Thus, defendants argue, plaintiff should not be allowed to have unrestricted access to Exhibit A, as such access could lead to Exhibit A being made available to other inmates, resulting in safety concerns for jail employees and inmates. Additionally, defendants ask the Court to file Exhibit A under seal for fifty years, rather than for the ten years provided by Civil Local Rule 79-5(f);

3

specifically, defendants argue the need for confidentiality will continue beyond ten years and the document should be kept sealed for the lifetime of plaintiff.

In opposition to defendants' motion, plaintiff argues Exhibit A should not be sealed because plaintiff has been granted access to other books that have been deemed a security threat when provided to other prisoners. Further, plaintiff argues, there is no security threat because plaintiff is confined in isolation in the security housing unit. Alternatively, plaintiff asks the Court to postpone ruling on defendants' motion until after December 8, 2008, on which date plaintiff asserts he will be released on parole and, consequently, his access to Exhibit A at such time will no longer pose a security threat. Finally, plaintiff asks the Court to order defendants to provide the Court with a complete copy of "The Practical Guide to Drawing," in order that the Court can consider the book as a whole, and not only those portions selected by defendants.

The Court has reviewed Exhibit A and considered the parties' arguments in support of and in opposition to defendants' motion to file Exhibit A under seal. Good cause appearing, defendants' motion will be granted in part and the Clerk of the Court will be directed to file Exhibit A under seal for ten years, in accordance with Civil Local Rule 79-5(f). Additionally, plaintiff's request that defendants be ordered to provide the Court with a complete copy of "The Practical Guide to Drawing" will be denied; defendants are required to submit with their motion for summary judgment only those exhibits they deem relevant to such motion.

D.  Plaintiff's Motions for Appointment of Counsel and Court-Ordered Settlement Negotiations

Plaintiff has filed a motion for appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances

4

warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte.

Plaintiff has also filed a motion for a court-ordered telephonic settlement conference. In cases wherein the plaintiff is a prisoner appearing pro se, the Court ordinarily orders settlement conferences either early in the proceedings, i.e., before dispositive motions have been filed, or after its determination of any dispositive motions. Neither situation exists here; rather, defendants have filed a motion for summary judgment, upon which the Court will rule once the matter has been fully briefed. Accordingly, plaintiff's request for a court-ordered settlement conference will be denied.

Such denial, however, does not preclude the parties from engaging in settlement negotiations. Consequently, as defendants have not yet filed a reply to plaintiff's opposition to their motion for summary judgment, the Court, as set forth below, will order defendants to advise the Court as to whether they wish to stay further proceedings pending such settlement discussions

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to compel discovery is hereby DENIED. (Docket No. 9.)

2. Defendants' motion to stay discovery is hereby GRANTED. (Docket No. 18.)

3. Defendants' motion to file documents under seal is hereby GRANTED in part. (Docket No. 15.) **The Clerk shall file defendants' Confidential Exhibit A under seal in accordance with Civil Local Rule 79-5.**

4. Plaintiff's motion for appointment of counsel is hereby DENIED. (Docket No. 7.)

5. Plaintiff's motion for a court-ordered settlement conference is hereby DENIED. (Docket No. 24.)

6. If defendants are inclined to participate in settlement negotiations with plaintiff, they shall so notify the Court by filing, within **thirty (30)** days of the date this order is filed, a stipulation, signed by all parties, that: (a) stays further proceedings in this matter until settlement negotiations have been concluded and (b) provides that defendants' motion for

5

summary judgment will be deemed withdrawn during such time, without prejudice to defendants' thereafter filing a reply brief should such negotiations prove unsuccessful. Alternatively, if defendants are not inclined to participate in settlement negotiations with plaintiff, they shall file, within **thirty (30)** days of the date this order is filed, a notice to that effect, together with a reply to plaintiff's opposition to the motion for summary judgment; the motion will be deemed submitted on the date such reply is due.

This order terminates Docket Nos. 7, 9, 15, 18 and 24.

IT IS SO ORDERED.

DATED: October 30, 2008

MAXINE M. CHESNEY
United States District Judge